**2222-CC10153**

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | |
|---|---|
| BREEONNA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.__ |
| | ) |
| MANAGEMENT & TRAINING | ) |
| CORPORATION d.b.a. ST. LOUIS JOB CORPS | ) |
| CENTER, | ) JURY TRIAL DEMANDED |
| | ) |
| SERRATO CORPORATION, | ) |
| | ) |
| STEPHANIE SMITH, | ) |
| | ) |
| DAMIEN THOMPSON, | ) |
| | ) |
| PATRICIA GREY, | ) |
| | ) |
| LAMONT TAYLOR, | ) |
| | ) |
| ROOSEVELT ROBINSON, | ) |
| | ) |
| DONZELL SNIPES, | ) |
| | ) |
| KIMBERLY BURSE, | ) |
| | ) |
| AND | ) |
| | ) |
| DORIAN JONES | ) |
| | ) |
| Defendants. | ) |

**\*Service to be effectuated by St. Louis County Sheriff**
**1. Serve:**
Management & Training Corporation
C/o CT Corporation System
120 S. Central Ave
Clayton, MO 63105
**2. Serve:**
Serrato Corporation
C/o Registered Agent Solutions, Inc.
130 S. Beminston Ave, Ste. 500
St. Louis, MO 63105

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

**Service to be effectuated by St. Louis City Sheriff:**

1) Stephanie Smith
C/o St. Louis Job Corps Center
4333 Goodfellow Blvd
St. Louis, MO 63120

2) Damien Thompson
C/o St. Louis Job Corps Center
4333 Goodfellow Blvd
St. Louis, MO 63120

3) Patricia Grey
C/o St. Louis Job Corps Center
4333 Goodfellow Blvd
St. Louis, MO 63120

4) Lamont Taylor
C/o St. Louis Job Corps Center
4333 Goodfellow Blvd
St. Louis, MO 63120

5) Roosevelt Robinson;
C/o St. Louis Job Corps Center
4333 Goodfellow Blvd
St. Louis, MO 63120

6) Donzell Snipes
C/o St. Louis Job Corps Center
4333 Goodfellow Blvd
St. Louis, MO 63120

7) Kimberly Burse
C/o St. Louis Job Corps Center
4333 Goodfellow Blvd
St. Louis, MO 63120

8) Dorian Jones
C/o St. Louis Job Corps Center
4333 Goodfellow Blvd
St. Louis, MO 63120

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

## PETITION

COMES NOW, Plaintiff Breeonna Williams, by and through her undersigned counsel Matthew Ndonwi of Ndonwi Law, LLC, and for her petition against Defendants Management & Training Corporation d.b.a.  St. Louis Job Corps ("Defendant MTC"), Serrato Corporation ("Defendant Serrato"), Stephanie Smith ("Defendant Smith"), Damien Thompson ("Defendant Thompson"), Patricia Grey ("Defendant Grey"), Lamont Taylor ("Defendant Taylor"), Roosevelt Robinson ("Defendant Robinson"), Donzell Snipes ("Defendant Snipes"), Kimberly Burse ("Defendant Burse"), and Dorian Jones ("Defendant Jones"), and alleges and states as follows:

## INTRODUCTION

Plaintiff is an African-American/Black female. Plaintiff was an employee of Defendant corporations operating as one unit, when Defendant corporations and their employees generated and spread false sexually harassing rumors about Plaintiff, thereby creating a hostile work environment for Plaintiff and causing significant other damages including passing Plaintiff up for a promotion for which Plaintiff was uniquely qualified.  When Plaintiff complained about the matter, Defendants retaliated against Plaintiff by disrupting Plaintiff's work flow. Ultimately, Defendants constructively terminated Plaintiff's employment through Defendants' maintenance of a persistent hostile work environment for Plaintiff. Plaintiff brings this action for Employment Discrimination against corporation employer Defendants operating as one, under the Missouri Human Rights Act, § 213.055 *et seq*., RSMo, as amended ("MHRA"), and Title VII of the Civil Rights Act, as amended ("Title VII"), and for slander against individual employees of defendants under § 509.210, RSMo.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Breeonna Williams ("Plaintiff"), is a resident of City of Fairview Heights, St. Clair County, Illinois.

2. Defendant Management and Training Corporation d.b.a. St. Louis Job Corps ("Defendant MTC") is a foreign (Delaware) corporation; with its principal office located in 500 N. Market Place Drive, Centerville, UT 84014-1708; is duly organized and existing under and by the laws of the State of Missouri under charter No. F001332643; conducts regular business in the City of Saint Louis County at 4333 Goodfellow Blvd, St. Louis, MO 63120; and can be properly served at c/o CT Corporation System, 120 South Central Ave, Clayton, MO 63105.

3. Defendant Serrato Corporation ("Defendant Serrato") is a foreign (Arizona) corporation; with its principal office located in 3443 East Fort Lowell Road, Tucson, AZ 85716; is duly organized and existing under and by the laws of the State of Missouri under charter No. F001334567; conducts regular business in the City of Saint Louis County at 4333 Goodfellow Blvd, St. Louis, MO 63120; and can be properly served at: C/o Registered Agent Solutions, Inc., 130 S. Bemiston Ave, Ste. 500, St. Louis, MO 63105.

4. Defendant MTC and Defendant Serrato operate together under the auspices of St. Louis Job Corps Center, physically located at 4333 Goodfellow Blvd, St. Louis, MO 63120.

5. Defendant MTC and Defendant Serrato are employers and Plaintiff is an employee under §§ 213.055.1 and 213.010, RSMo, and under Title VII.

6. At all relevant times, Defendant MTC and Defendant Serrato jointly employed workers including Plaintiff to work under the umbrella name and auspices of St. Louis Job Corps

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

Center; for example all of Defendant MTC and Defendant Serrato's employee emails carried domain [@jobcorps.org].

7. At all relevant times, Plaintiff worked together with other Defendant MTC and Defendant Serrato's employees, in the City of St. Louis County, Missouri, at the address 4333 Goodfellow Blvd, St. Louis, MO 63120.

8. Defendants' unlawful employment practices complained of herein occurred in the City of St. Louis County, Missouri, at the address 4333 Goodfellow Blvd, St. Louis, MO 63120.

9. Defendant Smith, Defendant Thompson, Defendant Grey, Defendant Taylor, Defendant Robinson, Defendant Snipes, Defendant Burse, and Defendant Jones are individuals, and employees of corporation Defendants,  Defendant MTC and Defendant Serrato, all working under St. Louis Job Corps Center, whose residential addresses are unknown, but who may be properly served at C/o St. Louis Job Corps Center, 4333 Goodfellow Blvd, St. Louis, MO 63120, in City of St. Louis County, Missouri,

10. Jurisdiction and venue are proper in this Court as corporation Defendants conduct regular business activities in the City of St. Louis County, State of Missouri, at the address 4333 Goodfellow Blvd, St. Louis, MO 63120; the discriminatory acts of all Defendants complained of in this petition occurred in this County and State, at the address 4333 Goodfellow Blvd, St. Louis, MO 63120, in the course of Defendants' regular business activities in this County and State.

11. Plaintiff has satisfied the administrative prerequisites to suit under the MHRA and Title VII, as to Defendant MTC and Defendant Serrato.

12. Upon information and belief, Defendant MTC and Defendant Serrato each received notice of the claims in Plaintiff's Charge of Discrimination.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Plaintiff is an African-American/Black female and began work for corporation Defendants on or about May 2021 as school Counselor.

14. At the time that Plaintiff began work for corporation Defendants, one of Plaintiff's co-workers was Byron Thornton ("Thornton"), and both Thornton and Plaintiff were directly supervised by a manager, Cheryce Jeter ("Jeter").

15. Shortly after Plaintiff started working for corporation Defendants, Jeter was promoted to Center Deputy for St. Louis Job Corps Center, and about that same time, Thornton was promoted Manager and Plaintiff's direct supervisor.

16. In the course of Plaintiff's work with corporation Defendants, Defendant Thompson, Defendant Taylor, and Defendant Robinson, each made sexual advances at Plaintiff at different times, all of which Plaintiff declined.

17. Sometime thereafter, corporation Defendants' employees [Defendant Smith (Certified Technical Training Manager), Defendant Taylor (Career Preparation Program Instructor), Roosevelt Robinson (Construction Instructor), Defendant Thompson (Painting Instructor), and Defendant Grey (Culinary Instructor) Defendant Robinson (Home Builders Institute Instructor), Defendant Snipes (Trade Counselor), and Defendant Burse (Administrator to Deputy), Defendant Jones (Trade Counselor)], who include management personnel began fabricating and/or spreading false sexually harassing rumors about Plaintiff.

18. As an example, Defendant Thompson started and/or spread a rumor claiming that Defendant Thompson slept with Plaintiff, which was spread by other co-Defendants.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

19. As another example, Defendant Taylor started and/or spread a rumor claiming that Plaintiff slept with Defendant Thompson.

20. As another example, Defendant Robinson started and/or spread a rumor claiming that Plaintiff slept with Defendant Thompson, which was spread by other co-Defendants.

21. As another example, Defendant Taylor started and/or spread a rumor claiming that Plaintiff slept with [Albert Manson (Trade supervisor) ("Manson")], which was spread by other co-Defendants.

22. As another example, Defendant Jones started and/or spread a rumor claiming that Plaintiff slept with [Dr. Byron Thornton (Counseling Manager) ("Thornton")].

23. As another example, Defendant Burse started and/or spread a rumor claiming that Plaintiff slept with Thornton, which was spread by other co-Defendants.

24. As another example, Defendant Snipes started and/or spread a rumor claiming that Plaintiff slept with Thornton, which was spread by other co-Defendants.

25. As another example, Defendant Grey started and/or spread a rumor claiming that Plaintiff slept with Thornton, which was spread by other co-Defendants.

26. As another example, Defendant Smith started and/or spread a rumor claiming that Plaintiff slept with Thornton, which was spread by other co-Defendants.

27. As another example, Defendant Smith started and/or spread a rumor claiming that Plaintiff slept with Defendant Thompson, which was spread by other co-Defendants.

28. In total, Defendants fabricated and spread rumors that Plaintiff slept with three co-workers.

29. All these rumors were false, and destroyed Plaintiff's reputation throughout her employment with corporation Defendants.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

30. Consequently, Plaintiff made a written complaint to management/Human Resources and ensured that the matter was reported to all corporation Defendants' respective Human Resources Departments.

31. Following Plaintiff's complaint, Defendants' Human Resources department allegedly conducted an "investigation" of the matter, and thereafter wrote back to Plaintiff stating that the Human Resources Department had "substantiated some of [Plaintiff's sexual harassment] claims."

32. Upon information and belief, all that Human resources did in the alleged "investigation" was to request statements from <u>some</u> of the listed individual co-Defendants.

33. Upon information and belief one co-Defendant wrote in their statement:

"I have heard so many things gossip and horrible things on the dorm and with management but I'm not the type of person that will go and spread what I heard and why would I do that with my own supervisor?"

34. Upon information and belief, corporate Defendants did nothing to follow up to inquire about the "gossip and horrible things" brought to light during their "investigation".

35. Upon information and belief, employee Stephanie N. Smith wrote in their statement:

"I did speak to Mr. Manson months ago regarding a rumor that involved Ms. Williams..."

36. Simply, even though Defendants' Human Resources department substantiated Plaintiff's claims, Defendants did nothing to stop the rumors, and the hostile work environment persisted.

37. About sometime before the rumors spread, Plaintiff was up for a promotion to be a "Work Based Learning Coordinator", and Plaintiff was then encouraged, supported and told informally in the interview for the position, by Defendant Smith, that Defendants were going to promote from within the company, which uniquely placed Plaintiff as the

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

top candidate for getting the Work Based Learning Coordinator Position, and Plaintiff was made by Defendant Smith to believe that Plaintiff would get the position.

38. As the rumors circulated, instead of hiring Plaintiff for the position, Defendants hired a white male from outside the company for the position, and thereafter, Plaintiff was never contacted by Defendants regarding the position again, despite completing an interview.

39. Sometime after Plaintiff made the written complaint to Human resources, Defendants retaliated against Plaintiff by disrupting Plaintiff's daily work flow.

40. Ultimately, Plaintiff was constructively discharged by corporation Defendants' maintenance of a persistent hostile work environment for Plaintiff.

**COUNT I – DISCRIMINATION BASED ON RACE/COLOR UNDER MHRA (§213.055, RSMo)- DEFENDANT MTC AND DEFENDANT SERRATO**

41. Plaintiff restates and incorporates by reference all prior allegations of this Petition.

42. Defendant MTC and Defendant Serrato have engaged in unlawful discriminatory acts that are prohibited under the MHRA.

43. Plaintiff is a "person" as defined under the MHRA.

44. Defendant MTC and Defendant Serrato are an "employer" as defined under the MHRA.

45. Race/Color is a protected class under the MHRA.

46. Plaintiff is African-American/Black and is protected by Chapter 213, RSMo.

47. Plaintiff applied for the Work Based Learning Coordinator position.

48. Plaintiff met the requirements for and was qualified for the Work Based Learning Coordinator position.

49. Plaintiff was passed over for the Work Based Learning Coordinator position.

50. Defendant MTC and Defendant Serrato offered the Work Based Learning Coordinator position to a white male.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

51. Defendant MTC and Defendant Serrato treated Plaintiff inequitably based upon her race/color and provided unfavorable workplace terms, conditions, and privileges of employment.

52. Plaintiff has suffered an adverse action of failing to be promoted because of Defendant MTC and Defendant Serrato's actions.

53. As a direct and proximate result of the foregoing, Plaintiff suffered discrimination in the terms, conditions, and privileges of Plaintiff's employment – in violation of § 213.055 RSMo – at the hands of Defendant MTC and Defendant Serrato.

54. By failing to promote, Defendant MTC and Defendant Serrato – in effect – condoned, ratified, and/or authorized the aforementioned actions against Plaintiff, and constituted unlawful employment practices under the MHRA.

55. As a result, Defendant MTC and Defendant Serrato discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment in violation of 213.055, RSMo.

56. Plaintiff's race/color was a motivating factor in Defendant MTC and Defendant Serrato's decision to treat Plaintiff differently and less favorably than other employees and applicants in the terms, conditions, and privileges of employment as described above.

57. As a direct result of Defendant MTC and Defendant Serrato's discriminatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including, but not limited to, economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, anxiety, dread, inconvenience, embarrassment, anguish, and loss of enjoyment of life.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

58. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

59. Defendant MTC and Defendant Serrato's conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant MTC and Defendant Serrato and deter Defendant MTC and Defendant Serrato and others from like conduct.

WHEREFORE, Plaintiff Breeonna Williams respectfully requests that this Court will, after trial by jury, enter judgment against Defendant MTC and Defendant Serrato and in Plaintiff's favor on Count I of this Petition and for a finding that Plaintiff has been subjected to an unlawful discrimination prohibited by § 213.010, *et seq.*, RSMo; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000 as is deemed fair and reasonable; for prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; and for such other relief as this Court deems just, proper, and justice requires.

**COUNT II – DISCRIMINATION BASED ON SEX UNDER MHRA
(§ 213.055, RSMo)- DEFENDANT MTC AND DEFENDANT SERRATO**

60. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

61. Defendant MTC and Defendant Serrato have engaged in unlawful discriminatory acts that are prohibited under the MHRA.

62. Plaintiff is a "person" as defined under the MHRA.

63. Defendant MTC and Defendant Serrato are an "employer" as defined under the MHRA.

64. Sex is a protected class under the MHRA.

65. Plaintiff is a female and is protected by Chapter 213, RSMo.

66. Plaintiff was subjected to false, sexually harassing rumors.

67. Defendant MTC and Defendant Serrato treated Plaintiff inequitably based upon her sex and provided unfavorable workplace terms, conditions, and privileges of employment.

68. Plaintiff has suffered an adverse action of hostile work environment.

69. Plaintiff suffered an adverse action of failure to promote.

70. Plaintiff suffered further adverse action of constructive discharge.

71. As a direct and proximate result of the foregoing, Plaintiff suffered discrimination in the terms, conditions, and privileges of her employment – in violation of § 213.055 RSMo – at the hands of Defendant MTC and Defendant Serrato.

72. By continually refusing to correct the sexually harassing conduct, failing to promote, and constructively discharging Plaintiff, Defendants – in effect – condoned, ratified, and/or authorized the aforementioned actions against Plaintiff, and constituted unlawful employment practices under the MHRA.

73. As a result, Defendant MTC and Defendant Serrato discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment in violation of § 213.055, RSMo.

74. Plaintiff's sex was a motivating factor in Defendant MTC and Defendant Serrato's decision to treat her differently and less favorably than other employees and applicants in the terms, conditions, and privileges of employment as described above.

75. As a direct result of Defendant MTC and Defendant Serrato's discriminatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continue to sustain damages, including, but not limited to, economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain,

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

suffering, humiliation, anxiety, dread, inconvenience, embarrassment, anguish, and loss of enjoyment of life.

76. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

77. Defendant MTC and Defendant Serrato's conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendant MTC and Defendant Serrato and deter Defendant MTC and Defendant Serrato and other from like conduct.

WHEREFORE, Plaintiff Breeonna Williams respectfully requests that this Court will, after trial by jury, enter judgment against Defendant MTC and Defendant Serrato and in plaintiff's favor on Count II of this Petition and for a finding that Plaintiff has been subjected to an unlawful discrimination prohibited by § 213.010, *et seq*., RSMo; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000 as is deemed fair and reasonable; for prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; and for such other relief as this Court deems just, proper, and justice requires.

### COUNT III – UNLAWFUL RETALIATION UNDER MHRA (§ 213.070(2), RSMo)- DEFENDANT MTC AND DEFENDANT SERRATO

78. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

79. Defendant MTC and Defendant Serrato have engaged in unlawful retaliatory acts that are prohibited under the MHRA.

80. Plaintiff is a "person" as defined under the MHRA.

81. Defendant MTC and Defendant Serrato are an "employer" as defined under the MHRA.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

82. Plaintiff complained to Defendant MTC and Defendant Serrato's Human Resources about the discriminatory conduct described above.

83. Plaintiff's reports of discrimination constitute protected activities under the MHRA.

84. As a result of engaging in these protected activities, Plaintiff has suffered – and will continue to suffer – adverse employment actions, as alleged in this Petition, including, but not limited to, one or more of the following: immediate and unrelenting harassment and scrutiny of her work, passing her over for a promotion[s], discharge.

85. The retaliation against Plaintiff by Defendant MTC and Defendant Serrato did not occur until after Plaintiff complained to Defendant MTC and Defendant Serrato's Human Resources.

86. Defendant MTC and Defendant Serrato unlawfully retaliated against Plaintiff, such that when Defendant MTC and Defendant Serrato made the employment decisions complained above, Plaintiff's engagement in protected activities was at least a motivating factor in Defendant MTC and Defendant Serrato's decisions.

87. As a direct and proximate result of the foregoing, Plaintiff suffered retaliation – in violation of § 213.070(2), RSMo – at the hands of Defendant MTC and Defendant Serrato.

88. As a direct result of Defendant MTC and Defendant Serrato's retaliatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to, economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, future retirement earnings, emotional pain, suffering, humiliation, anxiety, dread, inconvenience, embarrassment, and loss of enjoyment of life.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

89. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

90. Defendant MTC and Defendant Serrato's conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages in an amount that will punish Defendant MTC and Defendant Serrato and deter Defendant MTC and Defendant Serrato and others from like conduct.

WHEREFORE, Plaintiff Breonna Williams respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in Plaintiff's favor on Count III of this Petition and for a finding that Plaintiff has been subjected to unlawful retaliation prohibited by § 213.010, *et seq*., RSMo; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000 in each count as is deemed fair and reasonable; for prejudgment interest, as allowed by law, for reasonable attorney's fees and costs of suit; for injunctive relief or other appropriate equitable relief; and for such other relief as this Court deems just, proper, and as justice requires.

### COUNT IV – DISCRIMINATION BASED ON RACE/COLOR UNDER Title VII- DEFENDANT MTC AND DEFENDANT SERRATO

91. Plaintiff restates and incorporates by reference all prior allegations of this Petition.

92. Defendants have engaged in unlawful discriminatory acts that are prohibited under Title VII.

93. Plaintiff is a "person" as defined under Title VII.

94. Defendants are an "employer" as defined under Title VII.

95. Race/Color is a protected class under Title VII.

96. Plaintiff is African American/Black and is protected under Title VII.

97. Plaintiff applied for the Work Based Learning Coordinator position.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

98. Plaintiff meets the requirements for and was qualified for the Work Based Learning Coordinator position.

99. Plaintiff was passed over for the Work Based Learning Coordinator position.

100. Defendants offered the Work Based Learning Coordinator position to a white male.

101. Defendants treated Plaintiff inequitably based upon Plaintiff's race/color and provided unfavorable workplace terms, conditions, and privileges of employment.

102. Plaintiff has suffered an adverse action of failing to be promoted because of Defendants' actions.

103. As a direct and proximate result of the foregoing, Plaintiff suffered discrimination in the terms, conditions, and privileges of Plaintiff's employment – in violation of Title VII's Unlawful Employment Practices, at the hands of Defendants.

104. By failing to promote, Defendants – in effect – condoned, ratified, and/or authorized the aforementioned actions against Plaintiff, and constituted unlawful employment practices under Title VII.

105. As a result, Defendants discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions, or privileges of employment in violation of Title VII.

106. Plaintiff's race/color was a motivating factor in Defendants' decision to treat Plaintiff differently and less favorably than other employees and applicants in the terms, conditions, and privileges of employment as described above.

107. As a direct result of Defendants' discriminatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including, but not limited to, economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering,

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

humiliation, anxiety, dread, inconvenience, embarrassment, anguish, and loss of enjoyment of life.

108.  In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

109.  Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendants and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Breeonna Williams respectfully requests that this Court will, after trial by jury, enter judgment against Defendants and in Plaintiff's favor on Count IV of this Petition and for a finding that Plaintiff has been subjected to an unlawful discrimination prohibited by Title VII; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000 as is deemed fair and reasonable; for prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; and for such other relief as this Court deems just, proper, and justice requires.

### COUNT V – DISCRIMINATION BASED ON SEX UNDER TITLE VII - DEFENDANT MTC AND DEFENDANT SERRATO

110.  Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

111.  Defendants have engaged in unlawful discriminatory acts that are prohibited under Title VII.

112.  Plaintiff is a "person" as defined under Title VII.

113.  Defendants are an "employer" as defined under Title VII.

114.  Sex is a protected class under Title VII.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

115.  Plaintiff is a female and is protected by Title VII.

116.  Plaintiff was subjected to false, sexually harassing rumors.

117.  Defendants treated Plaintiff inequitably based upon Plaintiff's sex and provided unfavorable workplace terms, conditions, and privileges of employment.

118.  Plaintiff has suffered an adverse action of hostile work environment.

119.  Plaintiff suffered an adverse action of failure to promote.

120.  Plaintiff suffered further adverse action of constructive discharge.

121.  As a direct and proximate result of the foregoing, Plaintiff suffered discrimination in the terms, conditions, and privileges of Plaintiff's employment – in violation of Title VII's Unlawful Employment Practices, at the hands of Defendants.

122.  By continually refusing to correct the sexually harassing conduct, failing to promote, and constructively discharging Plaintiff, Defendants – in effect – condoned, ratified, and/or authorized the aforementioned actions against Plaintiff, and constituted unlawful employment practices under Title VII.

123.  As a result, Defendants discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions, or privileges of employment in violation of Title VII.

124.  Plaintiff's sex was a motivating factor in Defendants' decision to treat Plaintiff differently and less favorably than other employees and applicants in the terms, conditions, and privileges of employment as described above.

125.  As a direct result of Defendants' discriminatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continue to sustain damages, including, but not limited to, economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering,

humiliation, anxiety, dread, inconvenience, embarrassment, anguish, and loss of enjoyment of life.

126. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

127. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendants and deter Defendants and other from like conduct.

WHEREFORE, Plaintiff Breeonna Williams respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in Plaintiff's favor on Count V of this Petition and for a finding that she has been subjected to an unlawful discrimination prohibited by Title VII; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000 as is deemed fair and reasonable; for prejudgment interest, as allowed by law; for reasonable attorneys' fees and costs of suit; and for such other relief as this Court deems just, proper, and justice requires.

### COUNT VI – UNLAWFUL RETALIATION UNDER TITLE VII- DEFENDANT MTC AND DEFENDANT SERRATO

128. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

129. Defendants have engaged in unlawful retaliatory acts that are prohibited under Title VII.

130. Plaintiff is a "person" as defined under Title VII.

131. Defendants are an "employer" as defined under Title VII.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

132. Plaintiff complained directly to Defendants' Human Resources about the discriminatory conduct described above.

133. Plaintiff's reports of discrimination constitute protected activities under Title VII.

134. As a result of engaging in these protected activities, Plaintiff has suffered – and will continue to suffer – adverse employment actions, as alleged in this Petition, including, but not limited to, one or more of the following: immediate and unrelenting harassment and scrutiny of Plaintiff's work, passing Plaintiff over for a promotion[s], discharge.

135. The retaliation against Plaintiff by Defendants did not occur until after Plaintiff complained to Defendants' Human Resources.

136. Defendants unlawfully retaliated against Plaintiff, such that when Defendants made the employment decisions complained above, Plaintiff's engagement in protected activities was at least a motivating factor in Defendants' decisions.

137. As a direct and proximate result of the foregoing, Plaintiff suffered retaliation – in violation of Title VII's Unlawful Employment Practices, at the hands of Defendants..

138. As a direct result of Defendants' retaliatory practices, actions, omissions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to, economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, future retirement earnings, emotional pain, suffering, humiliation, anxiety, dread, inconvenience, embarrassment, and loss of enjoyment of life.

139. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

140. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendants and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Breonna Williams respectfully requests that this Court will, after trial by jury, enter judgment against Defendant and in Plaintiff's favor on Count VI of this Petition and for a finding that she has been subjected to unlawful retaliation prohibited by Title VII; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000 in each count as is deemed fair and reasonable; for prejudgment interest, as allowed by law, for reasonable attorney's fees and costs of suit; for injunctive relief or other appropriate equitable relief; and for such other relief as this Court deems just, proper, and as justice requires.

### COUNT VII– SLANDER UNDER § 509.210, RSMo - DEFENDANT SMITH, DEFENDANT THOMPSON, DEFENDANT GREY, DEFENDANT TAYLOR, DEFENDANT ROBINSON, DEFENDANT SNIPES, DEFENDANT BURSE, AND DEFENDANT JONES

141. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

142. Each Defendant made a statements/rumors/gossip to third parties including but not limited to Plaintiff's coworkers, Plaintiff's supervisors, and Plaintiff's managers that Plaintiff was engaged in sexual relations with Plaintiff's co-workers including Defendant Thompson, Thornton, and Manson.

143. The statements made by each Defendant that Plaintiff was engaged in sexual relations with Plaintiff's co-workers including Defendant Thompson, Thornton, and Manson were heard and understood by Plaintiff's coworkers, Plaintiff's supervisors, and Plaintiff's managers.

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM

144. The statements made by each Defendant that Plaintiff was engaged in sexual relations with Plaintiff's co-workers including Defendant Thompson, Thornton, and Manson were false.

145. The statements made by each Defendant that Plaintiff was engaged in sexual relations with Plaintiff's co-workers including Defendant Thompson, Thornton, and Manson caused ascertainable damage to Plaintiff's reputation resulting in adverse employment actions, as alleged in this Petition, including, but not limited to, one or more of the following: immediate and unrelenting harassment and scrutiny of Plaintiff's work, passing Plaintiff over for a promotion[s], and constructive discharge, further resulting in economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, future retirement earnings, emotional pain, suffering, humiliation, anxiety, dread, inconvenience, embarrassment, and loss of enjoyment of life.

146. In addition, Plaintiff has incurred and will continue to incur attorneys' fees, costs, and expenses of suit.

147. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the image of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendants and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Breonna Williams respectfully requests that this Court will, after trial by jury, enter judgment jointly and severally against Defendants and in Plaintiff's favor on Count VII of this Petition and for a finding that Plaintiff has been subjected to slander; award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000 in each count as is deemed fair and reasonable; for prejudgment interest, as allowed by law, for reasonable attorney's

fees and costs of suit; for injunctive relief or other appropriate equitable relief; and for such other

relief as this Court deems just, proper, and as justice requires.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all triable issues.

Respectfully submitted,

**NDONWI LAW, LLC**

/s/*Matthew Ndonwi*
**MATTHEW NDONWI**, Ph.D. J.D. (70273)
4021 Laclede Ave #56578
Saint Louis, MO 63156
Telephone:  314-762-0110
Email: mndonwi@ndonwilaw.com
*(Attorney for Plaintiff, Breeonna Williams)*

Electronically Filed - City of St. Louis - December 27, 2022 - 10:26 PM