UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BREEONNA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00125-SEP |
| ) | |
| MANAGEMENT & TRAINING CORP. d/b/a ) | |
| ST. LOUIS JOB CORPS CENTER ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Serrato Corporation's Motion to Dismiss, in which it seeks dismissal of Plaintiff's claims against it in Counts I-VI for failure to exhaust administrative remedies. Doc. [11]. For the reasons set forth below, the motion is denied. Also before the Court are Roosevelt Robinson's and Damieon Thompson's Motions to Dismiss Plaintiff's slander claims against them for failure to state a claim. Docs. [15], [27]. For the reasons set forth below, the motions are granted.

### FACTS AND BACKGROUND[1]

This employment discrimination case arises out of events leading up to Plaintiff's[2] alleged constructive discharge from her job with corporate Defendants Management & Training Corporation d/b/a St. Louis Job Corps Center (St. Louis Job Corps), and Serrato Corporation, where she had been employed[3] as a school counselor since May 2021. Doc. [6] ¶¶ 6, 13, 40. Plaintiff alleges that during the course of her employment several employees of the corporate Defendants, including Defendants Thompson, Taylor, and Robinson, made sexual advances towards her, all of which she rebuffed. *Id*. ¶ 16. After Plaintiff declined their sexual advances, multiple employees of the corporate Defendants, including Defendants Smith, Taylor, Robinson, Thompson, Grey, Snipes, Burse, and Jones "began fabricating and/or spreading false sexually

---

[1] For purposes of the motion to dismiss, the Court takes the factual allegations in the Complaint, Doc. [6], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

[2] Plaintiff is a Black female. *See* Doc. [6] ¶ 13.

[3] It is not clear from the Complaint whether Plaintiff worked at one or both corporate Defendants. She alleges that the Defendant corporations functioned as one unit, "operat[ing] together under the auspices of St. Louis Job Corps Center." Doc. [6] ¶¶ 4-6.

1

harassing rumors about Plaintiff." *Id.* ¶ 17.  The allegedly slanderous statements "destroyed" Plaintiff's reputation at work, resulted in a hostile work environment, caused her to be passed over for a promotion, and eventually led to her constructive discharge.  *Id.* ¶¶ 29, 36, 37-40.

On February 24, 2022, Plaintiff filed this seven-count action, alleging:  discrimination based on race in violation of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010-137 (Count I); discrimination based on sex in violation of the MHRA (Count II); unlawful retaliation in violation of the MHRA (Count III); discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1(a) (Count IV); discrimination based on sex in violation of Title VII (Count V); unlawful retaliation in violation of Title VII (Count VI); and slander (Count VII).  Counts I-VI were brought against the corporate Defendants St. Louis Job Corps Center and Serrato.  Count VII for slander was brought against individual Defendants Stephanie Smith, Damieon Thompson, Patricia Grey, Lamont Taylor, Roosevelt Robinson, Donzell Snipes, Kimberly Burse, and Dorian Jones.

Defendant Serrato now moves to dismiss Counts I-VI pursuant to Federal Rules of Civil Procedure 12(b)(1)[4] and 12(b)(6), alleging that Plaintiff did not exhaust her administrative remedies with respect to the charge against Serrato.

Defendants Thompson and Roosevelt move to dismiss Count VII pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 12(b)(6), courts shall not dismiss any complaint that states a facially plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint is plausible on its face when the pleaded facts allow the Court to reasonably infer that the defendant is liable. *Id.* at 678.  The Court views all facts and draws all reasonable inferences in favor of the nonmoving party.  *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2008) (citing *Aten v.*

---

[4]  Serrato moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff's alleged failure to exhaust her administrative remedies deprives this Court of jurisdiction.  Because failure to exhaust is not a jurisdictional defect, the Court applies the legal standard for dismissal pursuant to Rule 12(b)(6) to all of Defendant's arguments.  *See Kirklin v. Joshen Paper & Packaging of Arkansas Co.*, 911 F.3d 530, 534 (8th Cir. 2018) (The failure to exhaust administrative remedies is not a jurisdictional defect, but rather "an affirmative defense that a defendant must prove."); *see also Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1846, 1850-51 (2019) (filing a charge with the EEOC is a precondition that must be met before bringing a Title VII suit, but it is not a jurisdictional requirement).

2

*Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008)). The Court must accept the facts alleged as true, "even if doubtful." *Twombly*, 550 U.S. at 555. Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## DISCUSSION

**I.      Plaintiff did administratively exhaust her claims against Defendant Serrato.**

Serrato asserts that Plaintiff's claims against it fail as a matter of law because Plaintiff did not administratively exhaust her claims. Before filing a lawsuit alleging violations of Title VII and the MHRA, a plaintiff must exhaust her administrative remedies by timely filing a charge with the Equal Employment Opportunity Commission (EEOC) and receiving a right-to-sue letter. *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 1994); *Tart v. Hill Behan Lumber*, 31 F.3d 668, 671 (8th Cir. 1994). The exhaustion requirement ensures that the EEOC gets the first opportunity to investigate discriminatory practices, *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996), and puts the charged party on notice of the claims at issue, *Tart v. Hill Behan Lumber Co*., 31 F.3d 668, 671 (8th Cir. 1994).

Serrato argues that Plaintiff failed to file a charge of discrimination against it with the EEOC, and therefore, her claims against Serrato must be dismissed. Doc. [12] at 2. Plaintiff argues that she exhausted her claims by filing a charge against Serrato and any negligence that prevented Serrato from receiving notice of the charge is attributable to the EEOC. *See* Docs. [19] at 2-4, [31-1] at 2-3. The Court agrees with Plaintiff.

In support of her argument, Plaintiff filed copies of her charge and other documents related to the EEOC investigation of her allegations against Defendants. *See Blakley v. Schlumberger Tech. Corp*., 648 F.3d 921, 931 (8th Cir. 2011) (An EEOC charge and related file is "part of the public record and may be considered on a motion to dismiss."). Plaintiff filed her charge on May 6, 2022. Doc. [19] at 10-12. The EEOC charge form has space to list only two employers and states that, if there are more than two, the complainant should list them under the "Particulars" section of the form. *Id*. at 10. On her charge form Plaintiff listed St. Louis Jobs Corps Center and the Management & Training Corporation separately, and in the "Particulars" section wrote "Please see attached." *Id*. In her attachment, she noted that she also worked for Serrato Corporation during the relevant time period, and, while she did not provide Serrato's

3

address in the initial charge, she provided it soon thereafter in a follow-up email to the EEOC. *Id*. at 12, 14.

After she filed her charge, the EEOC created charge numbers for Management & Training Corporation and St. Louis Job Corps and notified them of Plaintiff's charge of discrimination, but it neither created a charge number for Serrato nor served it with notice of Plaintiff's claims. *Id*. at 3. On June 3, 2022, Plaintiff's attorney notified the EEOC that the Commission needed to serve Serrato and provided it with Serrato's registered agent address of 130 S. Bemiston Ave., Ste 500, St. Louis, Missouri, 63105, as well as the address for Serrato's principal corporate office at 3443 E. Fort Lowell Road, Tucson, Arizona, 85716. *Id*. at 14. Plaintiff's attorney contacted the EEOC again on June 15, 2022, and June 21, 2022, reminding the Commission of the need to serve Serrato. Despite Plaintiff's efforts, the EEOC did not serve Serrato with notice of her charge of discrimination until December 21, 2022, which was only a few days before Plaintiff filed the instant lawsuit on December 27, 2022. Doc. [34-2]. Making matters worse, the EEOC mailed Serrato's notice of Plaintiff's charge to 130 S. Bemiston Ave., Tucson, Arizona, 63105, which is a mistaken combination of the street address and zip code of Serrato's registered agent in Missouri and the city and state of its headquarters in Arizona. *Id*. Serrato finally received notice of Plaintiff's charge on March 10, 2023, in response to a Freedom of Information Act request to the EEOC. Doc. [34-2] at 1.

Serrato argues that it would be unfair to allow Plaintiff to proceed with her claims against it when it did not receive the charge until late December of 2022, stating that "[w]hether a mistake was made by Plaintiff and/or the EEOC in providing Serrato notice of the charge of discrimination is not the fault of Serrato, and ultimately, Plaintiff's claims against Serrato must be dismissed . . . ." Doc. [25] at 3. While it is regrettable that Serrato was not timely served with Plaintiff's charge of discrimination, the Court finds that dismissing Plaintiff's claim because of a mistake on the part of the EEOC would inflict a greater injustice. It is the EEOC's duty, not the complainant's, to provide the charged party with notice of a complainant's claims. *See Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1321 (11th Cir. 2001). Multiple courts have concluded that a plaintiff ought not be penalized for the EEOC's failure to follow through with her claim. *See, e.g.*, *Henke v. Allina Health System*, 698 F. Supp. 2d 1115, 1125–26 (D. Minn. 2010) (It would be "unjust" to allow the failure of an administrative agency to properly investigate a charged allegation to result in the extinguishment of the claim.); *see also Jones v.*

4

*U.P.S., Inc.,* 502 F.3d 1176, 1184–85 (10th Cir. 2007) ("[A] plaintiff should not be penalized for the EEOC's negligence in handling a charge."); *Forehand v. Fla. State Hosp. at Chattahoochee,* 89 F.3d 1562, 1570–71 (11th Cir.1996) ("[A]ny deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue."); *Downes v. Volkswagen of Am., Inc.,* 41 F.3d 1132, 1139 (7th Cir.1994) (same); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1063 (11th Cir. 1994) ("Title VII 'does not condition an individual's right to sue upon the EEOC's performance of its administrative duties.'") (quoting *Jefferson v. Peerless Pumps Hydrodynamic, Div. of FMC Corp.,* 456 F.2d 1359, 1361 (9th Cir.1972)).

Here, Plaintiff named Serrato in her initial charge, and her attorney reminded the EEOC three times of the need to serve Serrato. Plaintiff was reasonably diligent in her efforts to have Serrato served, and it would be unfair to find that she failed to fulfill the administrative filing requirement merely because the EEOC was not equally diligent. Accordingly, the Court will deny Serrato's motion to dismiss Plaintiff's claims.

II. **Plaintiff's claims against Defendants Robinson and Thompson are barred by the intra-corporate immunity rule.**

The only claims against Defendants Roosevelt Robinson and Damieon Thompson are claims for slander in Count VII. Plaintiff accuses Defendants Robinson and Thompson of slandering her, alleging that Defendant Roosevelt stated that "Plaintiff slept with Defendant Thompson," Doc. [6] ¶ 20, and that Defendant Thompson stated that "Defendant Thompson slept with Plaintiff," *id*. ¶ 18. She alleges that the statements by Defendants "were false, and destroyed Plaintiff's reputation throughout her employment." *Id.* ¶ 29. Plaintiff does not allege specifically to whom the statements were made, but she asserts that these statements about her sexual activity were conveyed to members of management personnel of the corporation, and prevented her from receiving a promotion and eventually led to her constructive discharge. *Id*. ¶¶ 37, 38, 143, 145 ("About sometime [sic] before the rumors spread, Plaintiff was up for a promotion to be a "Work Based Learning Coordinator," . . . but the "statements made by each Defendant that Plaintiff was engaged in sexual relations with [her] co-workers . . . caused . . . Plaintiff to be passed over for a promotion and constructive discharge."). Plaintiff does not allege that any defamatory statements were made to anyone outside of the corporation.

Defamation requires proof that there was a "'1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of

5

fault, and 6) damages the plaintiff's reputation.'" *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798 (Mo. 2017) (quoting *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 598-99 (Mo. 2013)). A person publishes a slanderous or defamatory statement "by communicating the defamatory matter to a third person." *Gray v. AT&T Corp.*, 357 F.3d 763, 765 (8th Cir. 2004). "[P]ublication of the slanderous or libelous statement is a proof essential to the defamation tort." *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 685 (Mo. Ct. App. 1992) (citing *Herberholt v. DePaul Community Health Center,* 625 S.W.2d 617, 624 (Mo. 1981). Defendants argue that Plaintiff's slander claim fails to satisfy the "essential" publication element, because Plaintiff alleges only that they made the statements to other employees and managers of the corporate Defendant, making the statements "intra-corporate communications," which do not qualify as publications under Missouri law. Doc. [16] at 5-9.

The intra-corporate immunity rule "rests on the premise that a corporation can only communicate through its employees," *Lamison v. Ferguson Enter.*, LLC, 2023 WL 375372, at *3 (W.D. Mo. Jan. 24, 2023), and therefore, "communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons." *Hellesen v. Knaus Truck Lines*, 370 S.W. 2d 341, 344 (Mo. 1963). The intra-corporate immunity rule allows for free communication within an organization "without a finding that such communication is a publication for purposes of defamation." *Lamison*, 2023 WL 375372, at *4; *see also Long John Silver's*, 841 S.W.2d at 684 ("Communications between the corporation and its personnel are the only means whereby a corporation can inform itself concerning the performances and conduct of employees in the due and regular course of the corporate business."). Communications about personnel issues are considered to be made in the "due and regular course of corporate business." *Long John Silver's*, 841 S.W.2d at 684.

Plaintiff argues that the intra-corporate immunity rule cannot apply to Roosevelt's or Thompson's statements because neither qualifies as "management personnel" of the corporation, and thus they cannot be "officers" for purposes of the rule. *See* Docs. [29] at 3; [30] at 3. That argument is unavailing, as Missouri courts have not required that a defendant be "management personnel" of a corporation for intra-corporate immunity to apply. Rather, they have liberally interpreted the term "officer." *See Blake v. May Dep't Stores Co.*, 882 S.W. 688, 691 (Mo. Ct. App. 1994) ("Prior court decisions have not applied a narrow definition of 'officer.'"). For

6

example, in *Perez v. Boatmen's Nat. Bank of St. Louis*, 788 S.W.2d 296, 300 (Mo. Ct. App. 1990), the Missouri Court of Appeals held that communications among non-management bank employees at different bank branches were covered under the intra-corporate immunity rule.

Additionally, Plaintiff identifies Defendants Roosevelt and Thompson as instructors at St. Louis Job Corps.  Multiple cases have found that instructors' statements about possible misconduct at their organizations fall within the rule.  *See, e.g.*, *Rice v. St. Louis Univ.*, 2020 WL 3000431, at *7 (E.D. Mo. June 4, 2020) (Faculty members "undoubtedly qualify as 'officers' of SLU . . . for the purpose of the intra-corporate immunity rule," and their statements concerning student misconduct were not publications to third parties.); *Dean v. Wissmann*, 996 S.W.2d 631, 634 (Mo. Ct. App. 1999) (Internal communications and statements made by an instructor to other faculty about a "potentially harmful situation" regarding suspected misdeeds "could not be considered a publication to a third person.").  Based on the allegations in the Complaint, the Court concludes that Defendants Thompson and Roosevelt, as instructors at St. Louis Job Corps, are "officers" for purposes of the intra-corporate immunity rule, and their alleged statements are not publications to third parties under Missouri law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Serrato's Motion to Dismiss Party, Doc. [11], is **DENIED.**

**IT IS FURTHER ORDERED** that Roosevelt Robinson's and Damieon Thompson's Motions to Dismiss, Docs. [15], [27], are **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion File Surreply, Doc. [31], and Defendant Serrato's Motion to File Surreply, Doc. [34], are **GRANTED**.

A separate Order of Dismissal will be entered this same day.

Dated this 21st day of September, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE